# EXHIBIT A

8/31/2021 12:18 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-004678
Chloe Jimenez

CAUSE NO. D-1-GN-21-004678

| | | |
|---|---|---|
| Larry Goodman and Terrinika St Martin | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| Vs. | § | |
| | § | |
| Kristofer Newman and C.R. England, Inc. and C.R. England Trucking, Inc. | § | 98 TH JUDICIAL DISTRICT OF |
| | § | |
| *Defendants.* | § | TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND RULE 193.7 NOTICE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, LARRY GOODMAN and TERRINIKA ST. MARTIN, ("Plaintiffs"), and complains of KRISTOFER NEWMAN and C.R. ENGLAND, INC., also d/b/a C.R. ENGLAND TRUCKING, INC. ("Defendants") hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

2. Plaintiff, Larry Goodman, is an individual residing in Travis County, Texas.

3. Plaintiff, Terrinika St. Martin, is an individual residing in Williamson County, Texas.

4. Defendant Kristofer Newman is an individual residing in Olathe, Kansas and he may be served at his residence located at **1790 N. Lennox St., Apt 3A, Olathe, Kansas 66061-7726** or wherever he may be found.

5. Defendant C.R. England, Inc., also d/b/a under the fictitious name "C.R. England Trucking, Inc.", is a for-profit foreign corporation, organized and existing under the laws of Salt Lake County Utah and operating in the State of Texas, and may be served by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

**III.**

**JURISDICTION & VENUE**

5. Venue in Travis County is proper in this cause under section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is the county where a substantial part of the events giving rise to the claim occurred.

6. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief OVER ONE MILLION DOLLARS ($1,000,000.00), which is in excess of the minimum jurisdictional limits and a demand for judgment for all the other relief to which Plaintiffs deems themselves justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits. Because Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought, Plaintiffs plead that any amount in excess of ONE MILLION DOLLARS ($1,000,000.00) in an amount to be determined by the jury.

**IV.**
**FACTS**

7. On or about May 21, 2021, Plaintiff Terrinika St Martin, was operating her 2009 Ford Focus

on I-35., in Travis County, Texas, with passenger, Plaintiff Larry Goodman, when they were suddenly, violently, and without warning, struck by the disconnected front left tire of the 2020 Freightliner Cascadia 113 operated by Defendant Kristofer Newman, who was operating said vehicle while in the course and scope of his employment with, in furtherance of the business interests of and/or in agency with Defendant C.R. England, Inc. As a result of the collision, Plaintiffs sustained severe and permanent injuries to their bodies, as more fully set forth below.

## V.
## CAUSES OF ACTION
## KRISTOFER NEWMAN

8. Plaintiffs allege and incorporate paragraph 7 as though fully set forth below.

9. The collision that made the basis of this suit and the resulting injuries and damages to Plaintiffs were proximately and directly caused by the negligent conduct of the Defendants.

10. Defendant Kristofer Newman operate the vehicle in a negligent manner because he violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the vehicle in one or more of the following respects:

a. in driving while distracted and failing to keep proper attention;
b. failing to perform a pre-trip inspection;
c. failing to properly maintain the 2020 Freightliner Cascadia 113 by having slick or defective tires
d. failing to properly inspect the 2020 Freightliner Cascadia 113's tires to avoid tire blowouts or ruptured tires during a haul
e. in failing to make safe decisions while driving;
f. in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of the Texas Transportation Code § 545.401.

11. Defendant Newman's actions also constitute *negligence per se*, as a result of violations of the above provision of the Texas Transportation Code.

12. Plaintiffs would further show that the Defendant Newman's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, it involved an extreme degree of risk,

considering the probability and magnitude of the potential harm to the Plaintiffs. Defendant Newman had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety or welfare of the Plaintiffs as well as others similarly situated.

13.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and were a proximate cause of the collision, injuries and damages which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

14.     The acts and/or omissions on the part of Defendant Newman constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001 (11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk, but nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

15.     The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, *negligence per se* and gross negligence and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

## VI.
## CAUSES OF ACTION
## C.R. ENGLAND, INC.

16.     At the time of the collision and immediately prior thereto, Defendant Newman was within the course and scope of his employment, in the furtherance of the business interests of and/or in agency with Defendant C.R.England, Inc.

17.     At the time of the collision and immediately prior thereto, Defendant Newman was engaged in the furtherance of Defendant C.R. England, Inc.'s business.

18. At the time of the collision and immediately prior thereto, Defendant Newman was engaged in accomplishing a task for which he was employed by, in furtherance of the business interests of and/or in agency with Defendant C.R. England, Inc.

19. Plaintiffs invoke the doctrine of *respondeat superior* against Defendant C.R. England, Inc.

20. Defendant C.R. England, Inc. is liable under the doctrine of *respondeat superior* in that its driver was operating the vehicle in the course and scope of his employment with and for Defendant C.R. England, Inc.

21. Defendant C.R. England, Inc. is also negligent in one or more of the following respects:

a. negligent hiring of its driver;

b. negligent training;

c. negligent supervision, and

d. negligent retention

22. Defendant C.R. England, Inc was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

23. Plaintiffs would further show that the Defendant C.R. England, Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs. Defendant C.R. England, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs as well as others similarly situated.

24. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence and was a proximate cause of the collision, injuries and damages which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

25.     The acts and/or omissions on the part of Defendant C.R. England, Inc. constitutes malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001 (11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk, but nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

26.     The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, *negligence per se* and gross negligence and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

## VII.
## DAMAGES

27.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Larry Goodman suffered severe and permanent bodily injuries to his right leg, neck and back. These injuries have had a serious effect on Plaintiff Larry Goodman's health and well-being. These specific injuries and their ill effects have, in turn, caused him physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause him to suffer consequences and ill effects of this deterioration throughout his body in the future, if not, for the balance of his natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this matter in the future, if not for the balance of his natural life.

28.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Terrinika St. Martin suffered severe and permanent bodily injuries to her right hand, right thumb, neck, and back. These injuries have had a serious effect on Plaintiff Terrinika St. Martin's health and well-being. These specific injuries and their ill effects have, in turn, caused her

physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout her body in the future, if not, for the balance of her natural life.  Plaintiff Terrinika St. Martin has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this matter in the future, if not for the balance of her natural life.

29.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs Larry Goodman and Terrinika St. Martin have incurred the following damages:

a.  Pain and suffering in the past;
b.  Pain and suffering in the future;
c.  Mental anguish in the past;
d.  Mental anguish in the future;
e.  Past medical expenses;
f.  Future medical expenses;
g.  Physical impairment in the past;
h.  Physical impairment in the future;
i.  Physical disfigurement in the past;
j.  Physical disfigurement in the future;
k.  Pre judgement interest;
l.  Post judgement interest;
m.  Exemplary damages;
n.  Loss of enjoyment of life in the past; and
o.  Loss of enjoyment of life in the future
p.  loss of wages; and
q.  loss of earning capacity.

30.     Plaintiffs also hereby seek exemplary damages as allowed by law.  The acts and omission of the Defendants described above when viewed from the standpoint of the Defendants at the time of the act or omission, involved an extreme risk, considering the probability of harm to the Plaintiffs and others.  The Defendants had actual subjective awareness of the risk involved but nevertheless proceeded with a conscious disregard to the rights, safety, or welfare of the Plaintiffs and others.

31.     Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **in excess of one million dollars and 00/100 ($1,000,000.00)**, and a demand for

judgment for all the other relief to which Plaintiffs deems themselves justly entitled at the time of filing this suit, that, with the passage of time, may change.

**VIII.**
**INTEREST**

32. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

**IX.**
**DEMAND FOR JURY TRIAL**

33. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

**X.**

**NOTICE OF SELF-AUTHENTICATION**

34. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all prejudgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity.

Respectfully Submitted,

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361)-985-0600
Fax: (361)-985-0601

By: ______________________
Robert P. Wilson
SBN: 21718575
rwilson-svc@thomasjhenrylaw.com

ATTORNEYS FOR PLAINTIFF
*service by email to this address only

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert WILSON on behalf of Robert WILSON
Bar No. 21718575
rwilson-svc@thomasjhenrylaw.com
Envelope ID: 56821064
Status as of 9/4/2021 9:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Wilson | | rwilson-svc@thomasjhenrylaw.com | 8/31/2021 12:18:35 PM | SENT |

2/17/2022 2:47 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-004678
Nancy Rodriguez

CITATION

THE STATE OF TEXAS

CAUSE NO. D-1-GN-21-004678

LARRY GOODMAN; TERRINIKA ST MARTIN

, PLAINTIFF(S)

vs.

KRISTOFER NEWMAN; CR ENGLAND INC

, DEFENDANT(S)

TO: **C.R. ENGLAND, INC. D/B/A C.R. ENGLAND TRUCKING, INC.
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH ST #620
AUSTIN, TX 78701-3136**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION & RULE 193.7 NOTICE** in the above styled and numbered cause, which was filed on **August 31, 2021** in the **98th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **February 11, 2022**

**REQUESTED BY:
WILSON, ROBERT PAUL
521 STARR STREET
CORPUS CHRISTI, TX 78401
Work: 361-985-0600
Fax: 361-985-0601**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: **Adrian Rodriguez**

RETURN

Came to hand on the _____ day of _______________, ________ at ________ o'clock ____M., and executed at ______________________________ within the County of ____________________ on the _____ day of _______________, ________, at ________ o'clock ____M., by delivering to the within named ______________________________, each in person, a true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION & RULE 193.7 NOTICE** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

______________________________
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:______________________________

_____ day of _______________, ________.

______________________________
Printed Name of Server

______________________________ County, Texas

______________________________
Notary Public, THE STATE OF TEXAS
D-1-GN-21-004678

SERVICE FEE NOT PAID

SERVICE RETURN ATTACHED

Copy from re:SearchTX

# AFFIDAVIT OF SERVICE

**State of Texas** **County of Travis** **98th Judicial District Court**

Case Number: D-1-GN-21-004678

Plaintiff:
**Larry Goodman and Terrinika St Martin**

vs.

Defendant:
**Kristofer Newman and C.R. England, Inc. and C.R. England Trucking, Inc.**

For:
Thomas J. Henry
Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, TX 78401

Received by Mike Techow on the 15th day of February, 2022 at 11:29 am to be served on **C.R. England, Inc. d/b/a C.R. England Trucking, Inc. by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **15th day of February, 2022** at **1:15 pm, I:**

delivered to a **CORPORATION BY AND THROUGH ITS REGISTERED AGENT**, by delivering a true copy of the **Citation and Plaintiff's Original Petition and Rule 193.7 Notice** with the date of service endorsed thereon by me, to: **Evie Lichtenwalter, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company** as **Authorized Agent** at the address of: **211 E 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **C.R. England, Inc. d/b/a C.R. England Trucking, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

My name is Mike Techow. My date of birth is 6/26/1972. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on February 15th, 2022 by Mike Techow, declarant.

Subscribed and Sworn to before me on the 16th day of February, 2022 by the affiant who is personally known to me.

Marie Henry
NOTARY PUBLIC

MARIE NICOLE HENRY
Notary Public, State of Texas
Comm. Expires 04-04-2023
Notary ID 131960939

**Mike Techow**
PSC-1215, Exp. 7/31/2022

**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2022001425
Ref: Goodman & Martin vs. Newman, et al

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c

Copy from re:SearchTX